UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KARLA D. KIRCHNER, | ) | Case No. SACV-06-737 JC |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER OF REMAND |
| | ) | |
| MICHAEL J. ASTRUE,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**I.   SUMMARY**

Plaintiff Karla D. Kirchner ("plaintiff") filed a Complaint on August 29, 2006, seeking review of the Commissioner of Social Security's denial of benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

Plaintiff filed a motion for summary judgment on December 15, 2006 ("Plaintiff's Motion"). The Commissioner filed a cross-motion for summary judgment on December 18, 2006 ("Defendant's Cross-Motion").

---

[1] Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d)(1).

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand. In light of the failure of the Administrative Law Judge ("ALJ") to ask the vocational expert whether her testimony conflicted with the Dictionary of Occupational Titles ("DOT") and, if so, whether there was a reasonable explanation for the conflict, this Court cannot determine whether the ALJ properly relied upon such expert's testimony and whether substantial evidence supports the ALJ's finding that plaintiff could perform alternative work.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

|   |   |   |
|---|---|---|
| (3) | | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
| (4) | | Does the claimant possess the residual functional capacity to perform her past relevant work?[2] If so, the claimant is not disabled. If not, proceed to step five. |
| (5) | | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

---

[2] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Robbins v. Social Security Administration, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted).

**B.     Step Five of the Sequential Analysis**

If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience.[3] Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  The Commissioner may satisfy this burden by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).  When a claimant has both exertional (strength-related) and nonexertional limitations, the ALJ must first determine whether the Grids mandate a finding of disability with respect to exertional limitations.  See Lounsburry v. Barnhart, 468 F.3d 1111, 1116 (9th Cir.), as amended (2006); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).  If not, the ALJ must nonetheless use the grids as a framework, and also take the testimony of a vocational expert.  Lounsburry, 468 F.3d at 1155; Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported

---

[3]Whether there are a "significant" number of jobs a claimant is able to perform with his limitations is a question of fact to be determined by a judicial officer.  Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986).  See also Barker v. Secretary of Health & Human Services, 882 F.2d 1474, 1478 (9th Cir.), as amended (1989) (noting that Ninth Circuit has never established the minimum number of jobs necessary to constitute a "significant number").

by the record. See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

ALJs routinely rely on the DOT "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 2007 WL 1377614, at *2, 3 (9th Cir. May 11, 2007) (citing Social Security Ruling ("SSR") 00-4p).[4] In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

---

[4] Social Security rulings are binding on the Administration. See Terry, 903 F.2d at 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi, 2007 WL 1377614, at *2 n.6.

5

**C.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins, 466 F.3d at 882 (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**III.   FACTS**

On July 9, 2002, plaintiff filed an application for disability insurance benefits. (Administrative Record ("AR") 15, 74). Plaintiff asserted that she became disabled on March 8, 2002, due to severe migraines, osteoarthritis, neuritis, fibromyalgia, depression, blurred vision, anxiety, and chronic fatigue. (AR 74). An ALJ examined the medical record and heard testimony from plaintiff. (AR 377, 391-410). On November 10, 2004, the ALJ found, inter alia, that plaintiff was not disabled at anytime through the date of the decision. (AR 374-85). The Appeals Council granted plaintiff's request for review, vacated the November 10, 2004 decision, and remanded the case for further proceedings. (AR 387-90).

Another ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), plaintiff's mother and a vocational expert on August 16, 2005.  (AR 15, 411-53).  On December 19, 2005, the ALJ found that:  (1) plaintiff suffered from the following severe impairments:  major depression, fibromyalgia, chronic fatigue syndrome, and hypertension (AR 23, 26); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 23-24, 26); (3) plaintiff retained the residual functional capacity to perform a significant range of medium work[5] (AR 25, 26); (4) plaintiff could not perform her past relevant work (AR 24, 26); and (5) based on plaintiff's residual functional capacity, plaintiff could perform a significant number of jobs in the national economy, including office helper, machine operator, and electrical worker (AR 26, 27).

The Appeals Council denied plaintiff's application for review of the December 19, 2005 decision.  (AR 5-7).

## IV.   DISCUSSION

### A.   A Remand is Appropriate Because the ALJ Erroneously Failed to Ask the Vocational Expert Whether Her Testimony Was Consistent with the DOT and If Not, the Reasons Therefor

Plaintiff argues that the ALJ materially erred in finding, due to his improper reliance on a vocational expert's opinion, that plaintiff could work as an office helper, electronics worker, or machine operator given plaintiff's limitation to following simple one-and-two step instructions.  More specifically, plaintiff contends, among other things, that the vocational expert's opinion that plaintiff could perform these jobs constitutes a deviation from the presumptively correct

---

[5]The ALJ determined that plaintiff:  (i) could sit for six hours and stand/walk for six hours during an eight-hour workday; (ii) could lift up to 50 pounds occasionally and up to 25 pounds frequently; (iii) could perform all postural activities on an occasional basis; (iv) could follow simple one- and two-step instructions; and (v) should only work where interaction with supervisors, the public and co-workers is limited to an occasional basis.  (AR 26).

7

DOT without persuasive evidence to justify such a deviation.[6] Plaintiff further points out that the ALJ did not elicit from the vocational expert an explanation of the alleged inconsistencies between her testimony and the DOT.

The ALJ determined that plaintiff was capable of following simple one- and two-step instructions. (AR 24). The vocational expert testified that an individual who, inter alia, was limited to following one- and two-step instructions could not perform plaintiff's past relevant work, but could work as an office helper, electronics worker, or machine operator. (AR 450-51).

Plaintiff argues that the vocational expert's opinion is inconsistent with the DOT which allegedly reflects that the jobs in issue require more reasoning ability than the ability to follow simple one- and two-step instructions, and that the ALJ was required to address the reason for the conflict.[7] Defendant responds that there is no clear unexplained contradiction between the vocational expert's testimony and the DOT, and that absent such a contradiction, the ALJ should be permitted to rely on the vocational expert's testimony.

---

[6]Plaintiff also contends that remand is appropriate because the ALJ erroneously neglected to incorporate into the hypotheticals posed to the vocational expert, the limitation that plaintiff interact with supervisors, the public and co-workers on an occasional basis. He further argues that this limitation is inconsistent with the job of electronics worker because, pursuant to the DOT, such job requires one to receive verbal or written instructions from supervisors regarding work assignments. DOT 726.687-010. Defendant responds that any error by the ALJ in failing to include this limitation in the hypotheticals posed to the vocational expert is harmless because none of the jobs in issue call for more than "occasional" interaction with supervisors. The Court need not, and has not adjudicated this challenge to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[7]The DOT states that the jobs of office helper, electronics worker and machine operator require a level two of reasoning. DOT 239.567-010, 726.687-010, 691.685-010. This means that an individual performing such jobs must be able to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions, and deal with problems involving a few concrete variables in or from standardized situations. Id.

1    This Court need not resolve whether the vocational expert's testimony is
2 inconsistent with the DOT.  As the Ninth Circuit recently indicated in <u>Massachi</u>,
3 whether a vocational expert's testimony is consistent or inconsistent with the DOT
4 is an inquiry which should be made in the first instance by the ALJ to the
5 vocational expert.  As the ALJ in this case erroneously failed to ask the vocational
6 expert whether her testimony conflicted with the DOT, and, if so, whether there
7 was a reasonable explanation for the conflict, remand is appropriate.  On remand,
8 the ALJ should apply SSR 00-4p's requirements and determine:  (1) whether the
9 jobs of office helper, electronics worker and machine operator are consistent with
10 the definition in the DOT (including a reasoning level of two) and plaintiff's
11 limitations (including the limitations regarding her ability to follow one- and two-
12 step instructions and to interact occasionally with supervisors); and (2) whether
13 there is a reasonable explanation for any inconsistencies between the vocational
14 expert's testimony and the DOT.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## V. CONCLUSION[8]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[9]

LET JUDGMENT BE ENTERED ACCORDINGLY.[10]

DATED: June 20, 2007

                                                /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE

---

[8]Plaintiff also argues, and defendant disputes, that the ALJ failed properly to consider the treating physician's opinion of disability and the lay witness testimony of plaintiff's mother. The Court need not, and has not adjudicated these challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[9]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

[10]Plaintiff's request for costs and reasonable attorneys' fees under the Equal Access to Justice Act is denied without prejudice to resubmission of an application, accompanied by supporting documents, seeking such fees and expenses in accordance with 28 U.S.C. § 2412(d).